IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AALIYAH KIZEART, individually and on behalf of similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>PEABODY GATEWAY NORTH MINING, LLC,<br><br>Defendant. | Case No. 3:23-CV-00515-NJR |

# PRELIMINARY APPROVAL ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the parties' Joint Motion for Preliminary Settlement Approval. (Doc. 37). Having reviewed the motion, supporting documents, and the Settlement Agreement (Doc. 37-1), the Court **GRANTS** the Joint Motion.[1] As set forth below, the Court designates Representative Plaintiff as the Class Representative; provisionally certifies the proposed settlement class; preliminarily approves the Representative Plaintiff's request for a service award; designates Representative Plaintiff's Counsel as Class Counsel; preliminarily approves Class Counsel's request for attorneys' fees and costs; directs distribution of the proposed notice of class action settlement to the Class Members as outlined in the Agreement; and orders that each

---

[1] Unless otherwise defined, all terms used in this Order have the same meanings as defined in the Agreement (Doc. 37-1).

member of the settlement class be given a full opportunity to file a claim, object to, or opt out of the Settlement Agreement, and to participate at the final fairness hearing.

  A. On February 16, 2023, Representative Plaintiff filed the instant lawsuit (the "Action") alleging that the policies and practices of Defendant violated the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL"). (Doc. 1). Specifically, Representative Plaintiff alleged that Defendant did not pay its underground coal mining employees for certain pre-shift and post-shift work, including, but not limited to, donning and doffing safety clothing and other protective equipment and gathering and returning other work tools and equipment. *See id.*

  B. Defendant filed an Answer denying any wrongdoing. (Doc. 19). Defendant continues to deny all material allegations asserted in the Action and has raised several affirmative defenses.

  C. The Parties have exchanged timekeeping and payroll records. This due diligence document exchange enabled the Parties to understand and assess the detail and substance of their respective claims and defenses. Class Counsel created a damages model that was shared with the mediator and Defendant.

  D. Class Counsel performed an extensive risk analysis, which accounted for various biases and the compounding nature of risk probabilities, including calculating the expected value. The Parties reached an agreement to settle this Action after a full-day mediation. Class Counsel is of the opinion that, within a reasonable degree of statistical certainty that they are 99% confident that the "true" expected value is within their calculated range, and that the total settlement amount is within the range of expected

outcomes. Judge Posner writing for a Seventh Circuit panel concluded that an EV is the proper method for determining the fairness of a class settlement: "A settlement is fair to the plaintiffs in a substantive sense . . . if it gives them the expected value of their claim if it went to trial . . . ." *Mars Steel Corp. v. Continental Ill. Nat'l Bank & Trust*, 834 F.2d 677, 682 (7th Cir. 1987).

    E.    The Agreement resolves the individual and class claims of the Representative Plaintiff and Class Members. The Agreement is subject to approval by the Court pursuant to Federal Rule of Civil Procedure 23(e).

    F.    The issues in this case were contested. The Agreement was achieved after arms-length and good faith negotiations between the Parties and their Counsel, who have extensive experience litigating collective and class wage and hour claims.

    G.    The Agreement is **PRELIMINARILY APPROVED** as to the Class Members' claims as provided in the Agreement, for notice purposes as appearing on its face to be fair, reasonable, and adequate, and as being the product of serious, informed, and extensive arm's length negotiations between the Plaintiff and Defendant, plus mediation before a third-party neutral. In making these findings, the Court considers the nature of the claims, the relative strength of the class claims, the amounts and kinds of benefits to be paid, the allocation of settlement proceeds, and the fact that a settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial. Accordingly, the Court finds that the Agreement was entered into in good faith.

H. As to the Representative Plaintiff and the Class she represents, the Court finds that the proposed settlement class qualifies for provisional certification under Rules 23(a) and 23(b)(3). The proposed settlement class satisfies Rule 23(a)'s requirements of commonality, numerosity, typicality, and adequacy of representation, as well as Rule 23(b)'s requirements of predominance and superiority. The Representative Plaintiff is an adequate representative of the Class because she is a member of the Class, and she possesses the same interests and suffered the same alleged injuries as other Class Members. The definition of the Class encompasses persons with like factual circumstances and like claims. The settlement payments made available to the Class Members are commensurate with their claims. The Court finds there is sufficient basis to conclude preliminarily that the parties' proposed Agreement is fair, reasonable, and adequate as to the Class. Therefore, the Court provisionally certifies the Class pursuant to Rule 23(a) and (b)(3).

I. The Court approves Aaliyah Kizeart as the Class Representative, and appoints as Class Counsel, Hans A. Nilges and Shannon M. Draher of Nilges Draher LLC.

J. The Court provisionally approves the Service Award for Representative Plaintiff in recognition of her services in this Action.

K. The Court provisionally approves the payment of attorneys' fees and expenses to Class Counsel as provided in the Agreement.

L. The Court approves the proposed Settlement Notice as to substance, form, and manner of distribution, and orders that it be distributed to Class Members in the manner described in the Agreement.

M. The Court directs that the Class Members be given notice of the pendency of this Action, the proposed Agreement, and the date of a hearing ("the Fairness Hearing") at which final approval of the proposed Agreement will be considered.

N. Class Members objecting to the Agreement must timely file objections in the time and the manner set forth in the Class Action Settlement Notice. Specifically, Class Members must take such steps not later than **45 days** after the mailing of the Class Action Settlement Notice.

O. The Parties shall file a joint motion in support of Final Approval of the Settlement Agreement no later than **14 days** prior to the Fairness Hearing. Along with their motion, they shall file with the Court a declaration verifying that the Class Action Settlement Notice was distributed to the Class Members in the form and manner approved herein.

P. The Court orders that, pending Final Approval, Class Members are preliminarily enjoined from commencing, prosecuting, or maintaining in any court other than this Court any claim, action or other proceeding that challenges or seeks review of or relief from any order, judgment, act, decision or ruling of this Court in connection with the Agreement.

The Final Fairness Hearing is **SET** for **Monday, July 30, 2024, at 1:30 p.m.**

**IT IS SO ORDERED.**

**DATED: April 12, 2024**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**