IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **AALIYAH KIZEART**, on behalf of herself and others similarly situated, | ) Case No. 3:23-cv-00515-NJR ) ) Hon. Nancy J. Rosenstengel |
| Plaintiff, | ) ) |
| vs. | ) ) |
| **PEABODY GATEWAY NORTH MINING, LLC.**, | ) ) ) |
| Defendant. | ) ) |

**JOINT MOTION FOR FINAL APPROVAL OF**
**CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT**

Representative Plaintiff Aaliyah Kizeart ("Representative Plaintiff"), on behalf of herself and the Class Members (as defined in below), and Defendant Peabody Gateway Services, LLC[1] ("Defendant") respectfully move this Court to grant final approval of the Settlement Agreement reached in this case pursuant to Fed. R. Civ. P 23(e) ("Settlement").

Notice of the proposed settlement in this case has been sent to the Class and this settlement is ripe for final approval. Therefore, the Parties respectfully request that after the Fairness Hearing scheduled for July 30, 2024, the Court enter an Order:

1. Granting final approval of the Parties' Settlement Agreement ("Agreement") and the Total Settlement Amount of **$350,000.00**.

2. Granting final approval of a payment to Class Counsel of **$116,666.67** in attorney's fees (representing one-third (1/3) of the Total Settlement Amount) and **$8,288.23** in litigation expenses;

3. Granting final approval of a payment to the settlement administrator as provided in the Agreement;

---

[1] *See* Answer, ECF No. 19 at Page ID #45 (incorrectly named in this lawsuit as Peabody Gateway North Mining, LLC).

4. Granting final approval of a Service Award to Representative Plaintiff in the amount of **$5,000.00**; and,

5. Dismissing this case with prejudice.

A proposed Order and Judgment Entry is attached as **Exhibit 1**. The reasons for this Motion are as follows:

## MEMORANDUM IN SUPPORT

### I. RELEVANT PROCEDURAL HISTORY

On February 16, 2023, Representative Plaintiff filed the instant lawsuit (the "Action") alleging that the policies and practices of Defendant violated the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL"). ECF No. 1. Specifically, Representative Plaintiff alleged that Defendant did not pay its underground coal mining employees for certain pre-shift and post-shift work, including, but not limited to, donning and doffing safety clothing and other protective equipment and gathering and returning other work tools and equipment. *See* ECF No. 1. Defendant filed an Answer denying any wrongdoing. ECF No. 19. Defendant continues to deny all material allegations asserted in the Action and has raised several affirmative defenses.

On December 5, 2023, the Parties mediated before third-party neutral, Mediator Frank Neuner, and ultimately reached an agreement on January 5, 2024.

On June 6, 2024, the Court granted preliminary approval of the Class Action Settlement pursuant to Civ. R. 23(e), set a fairness hearing for July 30, 2024, approved the Notice of Settlement to class members, and directed the Parties to send the Notice to all Class Members informing them of the pendency of this action, the proposed Settlement, and the date of a Fairness Hearing. ECF No. 41.

The Parties engaged Analytics Consulting LLC as the Settlement Administrator. (*See* Declaration of Jeff Mitchell attached as **Exhibit 2**, at ¶ 5). On or around May 9, 2024, the Settlement Administrator received a spreadsheet from defendant's counsel containing the names, mailing addresses, social security numbers, and employment dates for Class Members ("Class Data"). The Class Data identified 289 unique Class Members. (*Id.* at ¶ 6). The Settlement Administrator imported the data to a project-specific database and processed the records through the US Postal Service's National Change of Address (NCOA) database to standardize and update the mailing addresses. (*Id.* at ¶ 7). On May 22, 2024, the Settlement Administrator mailed by first-class mail the Court-approved "Notice of Proposed Class Action and Fairness Hearing" ("Notice") to the Class Members. A copy of the Notice template is attached to the Settlement Administrator's declaration, as Exhibit A. (*Id.* at ¶ 8). Three Notices were returned to by the U.S. Postal Service with a forwarding address. The Settlement Administrator updated the class list with the forwarding address and processed a re-mail of the Notice to the updated addresses. (*Id.* at ¶ 9). The Settlement Administrator states that 13 Notices were returned by the U.S. Postal Service without a forwarding address. The Settlement Administrator conducted a skip trace in an attempt to ascertain a valid address for the affected Class Members. As a result of these efforts, 5 new addresses were identified for Class Members. The Settlement Administrator subsequently updated the Class List with the new address and processed a re-mail of the Notice to each of the affected Class Members. (*Id.* at ¶ 10).

The Notice gave Class Members until July 6, 2024, to object to or opt out of the settlement. The Settlement Administrator received only one exclusion request from James R. Pillers, and no class member has filed any objection to the settlement. (*Id.* at ¶¶ 11-12). Having completed the

notice process, the Parties now move this Court for final approval of the Settlement of Class Action claims pursuant to Civ. R. 23(e).

II. **LAW AND ANALYSIS**

    A. **The Standard for Approval of a Class Action Settlement.**

In the Parties' Joint Motion for Preliminary Approval, filed on June 6, 2024, the Parties analyzed the Settlement in this case under each of the relevant factors. (*See,* Memorandum in Support of Joint Motion for Preliminary Approval of Class Action Settlement, ECF No. 37 at Page ID #90-96). The arguments set forth in the Motion for Preliminary Approval also apply here and demonstrate why the Settlement should be granted final approval.

In addition, the results of the notice process weigh strongly in favor of approval. Out of **289** notices that were mailed, only one person requested exclusion, and no class members objected to the Settlement, resulting in a 99.65% inclusion rate for the Settlement. This factor weighs strongly in favor of approval. *See, e.g., White v. Kroger Ltd. P'ship I*, No. 3:20-CV-1270-NJR, 2024 U.S. Dist. LEXIS 120477, at *4 (S.D. Ill. July 9, 2024) (holding that an exclusion rate of 0.02% supports settlement approval).

In sum, the Settlement confers substantial benefits on Class Members, eliminates any risk of loss should this case continue to be litigated, was negotiated on an arm's length basis, and is in the best interest of the Class. Accordingly, for the reasons addressed herein and in the Motion for Preliminary Approval, the Parties respectfully request that the Court grant final approval of this Settlement and enter the proposed Final Order and Judgment Entry attached as **Exhibit 1**.

    B. **The Court should approve the payment of attorneys' fees and costs to Class Counsel.**

For the reasons set forth in the Joint Motion for Preliminary Approval, the Court should also grant final approval of the award of attorneys' fees to Class Counsel in the amount of

$116,666.67, representing one-third of the settlement fund. As noted in the Joint Motion for Preliminary Approval, Courts generally favor an award of fees from a common fund, as called for by the proposed settlement in this case. ECF No. 37 at Page ID #97, *citing Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *Koszyk v. Country Fin. a/k/a CC Servs., Inc.*, No. 16 CIV. 3571, 2017 U.S. Dist. LEXIS 73816, at *9; 2016 WL 5109196, at *4 (N.D. Ill. Sept. 16, 2016); *Young v. Rolling in the Dough, Inc.*, No. 1:17-CV-07825, 2020 WL 969616, at *6; 2020 U.S. Dist. LEXIS 35941, at *15-16 (N.D. Ill. Feb. 27, 2020)(awarding the requested 1/3 of the common fund in IWPCA case, as well as $17,035 in litigation and settlement administration costs), citing *Zolkos v. Scriptfleet, Inc.*, 2015 WL 4275540, *3, 2015 U.S. Dist. LEXIS 91699, at *7 (N.D. Ill. July 13, 2015) (approving 1/3 of total common fund); *In re Union Carbide Corp. Consumer Products Business Securities Litigation*, 724 F. Supp. 160, 168 (S.D.N.Y. 1989)("Contingent fee arrangements implicitly recognize the risk factor in litigation and that the winning cases must help pay for the losing ones if a lawyer who represents impecunious plaintiffs, or those plaintiffs not so fully committed as to put their own money where their mouth is, will remain solvent and available to serve the public interest.").

Class Counsel also requests that the Court approve reimbursement of **$8,288.23** in litigation expenses, as these were incurred in the prosecution of claims and in obtaining settlement, and for the payment of settlement administration costs, as provided in the Agreement.

### C. The Court Should Approve the Service Award for Representative Plaintiff

Finally, the Parties request that the Court approve a payment of **$5,000.00** to Representative Plaintiff. As outlined in their Joint Motion for Preliminary Approval, "plaintiffs in class and collective actions play a crucial role in bringing justice to those who would otherwise be hidden from judicial scrutiny." ECF No. 37 at Page ID #100, *citing Furman v. At Home Stores,*

*LLC*, No. 1:16-CV-08190, 2017 U.S. Dist. LEXIS 73816, at *5 (N.D. Ill, May 1, 2017); *Koszyk*, 2016 WL 5109196, at *2; 2016 U.S. Dist. LEXIS 126893, at *4 (N.D. Ill. Sept. 16, 2016), citing *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998) ("Because a named plaintiff is an essential ingredient of any class action, an incentive award is appropriate if it necessary to induce an individual to participate in the suit.").

### III. CONCLUSION

For the foregoing reasons, the Parties respectfully request that this Court enter the Proposed Order, attached as **Exhibit 1**:

1. Granting final approval of the Parties' Settlement Agreement ("Agreement") and the Total Settlement Amount of **$350,000.00**.

2. Granting final approval of a payment to Class Counsel of **$116,666.67** in attorney's fees (representing one-third (1/3) of the Total Settlement Amount) and **$8,288.23** in litigation expenses;

3. Granting final approval of a payment to the settlement administrator as provided in the Agreement;

4. Granting final approval of a Service Award to Representative Plaintiff in the amount of **$5,000.00**; and,

5. Dismissing this case with prejudice.

Respectfully submitted,

/s/ Hans A. Nilges
Hans A. Nilges (OH 0076017)
Shannon M. Draher (OH 74304)
**NILGES DRAHER LLC**
7034 Braucher Street, NW, Suite B
North Canton, OH  44720
Telephone: 330-470-4428
Facsimile: 330-754-1430
Email:  hans@ohlaborlaw.com
        sdraher@ohlaborlaw.com

Robert P. Kondras, Jr. (18038-84)
**HASSLER KONDRAS MILLER LLP**
100 Cherry St
Terre Haute, IN 47807
Telephone:    812-232-9691
Facsimile:    812-234-2881
Email:        kondras@hkmlawfirm.com

*Class Counsel*

/s/Scott D. Meyers (with permission)
Kaytlin E. Kopen (IL 6319305)
Scott D. Meyers (IL 6322708)
Cooper R. Page (71113MO)
**HUSCH BLACKWELL LLP**
8001 Forsyth Boulevard, Suite 1500
St. Louis, MO 63105
Telephone: 314-480-1500
Facsimile: 314-480-1505
Email:  scott.meyers@huschblackwell.com
        Kayt.kopen@huschblackwell.com
        Cooper.page@huschblackwell.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2024, the foregoing was filed electronically. Notice of this filing will be sent to the following individuals by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Hans A. Nilges
*Class Counsel*