IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AALIYAH KIZEART, On Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PEABODY GATEWAY NORTH MINING, LLC,<br><br>Defendant. | Case No. 3:23-CV-00515-NJR |

# FINAL APPROVAL OF CLASS ACTION
# SETTLEMENT AGREEMENT

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the parties' Joint Motion for Final Approval of Class Action Settlement. (Doc. 42). Representative Plaintiff Aaliyah Kizeart ("Representative Plaintiff"), on behalf of herself and the Class Members (as defined in below), and Defendant Peabody Gateway Services, LLC[1] ("Defendant") request entry of an Order, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, as follows:

    A.    Granting final approval of the Parties' Settlement Agreement ("Agreement") and the Total Settlement Amount of **$350,000.00**.

    B.    Granting final approval of a payment to Class Counsel of **$116,666.67** in attorney's fees (representing one-third (1/3) of the Total Settlement Amount) and **$8,288.23** in litigation expenses;

    C.    Granting final approval of a payment to the settlement administrator as provided in the Agreement;

---

[1] *See* Answer to Plaintiff's Complaint (Doc. 19 at 1) (noting Representative Plaintiff's incorrect identification of Defendant as Peabody Gateway North Mining, LLC).

  D. Granting final approval of a Service Award to Representative Plaintiff in the amount of **$5,000.00**; and

  E. Dismissing this case with prejudice

Having reviewed the Agreement, the parties' Joint Motion for Preliminary Approval of Class Action Settlement ("Preliminary Motion"), the declarations on file, including that of the settlement administrator, and the pleadings and papers on file in this action, and for good cause established therein, the Court enters this Order granting final approval of the Rule 23 Class Action Settlement, as follows:

 1. Unless otherwise defined, all terms used in this Order have the same meanings as defined in the Agreement.

 2. On February 16, 2023, Representative Plaintiff filed this lawsuit alleging that the policies and practices of Defendant violated the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL"). (Doc. 1). Specifically, Representative Plaintiff alleged that Defendant did not pay its underground coal mining employees for certain pre-shift and post-shift work, including, but not limited to, donning and doffing safety clothing and other protective equipment and gathering and returning other work tools and equipment. *Id.*

 3. Defendant filed an Answer denying any wrongdoing. (Doc. 19). Defendant continues to deny all material allegations asserted in this action and has raised several affirmative defenses.

 4. On December 5, 2023, the parties mediated before third-party neutral, Mediator Frank Neuner, and ultimately reached an agreement on January 5, 2024.

5. On April 12, 2024, this Court granted preliminary approval of the Class Action Settlement pursuant to Rule 23(e), set a fairness hearing for July 30, 2024, approved the Notice of Settlement to class members, and directed the parties to send the Notice to all Class Members informing them of the pendency of this action, the proposed Settlement, and the date of a Fairness Hearing. (Doc. 39).

6. The Agreement resolves the individual and class claims of the Representative Plaintiff and Class Members pursuant to Illinois law. The Agreement is subject to approval by this Court pursuant to Federal Rule of Civil Procedure 23(e).

7. The issues in this case were contested. The Agreement was achieved after arms-length and good faith negotiations between the Parties and their counsel, who have extensive experience litigating collective and class wage and hour claims.

8. The parties have filed a declaration from the Settlement Administrator verifying that Class Notices were distributed in the form and manner approved by the Court. Only one prospective Class Member opted out, and none objected to the Settlement.

9. The Court finds that the members of the Class were given adequate notice of the pendency of this action, the proposed settlement, and the date of the fairness hearing as ordered by the Court. The Court further finds that the notice was reasonable and the best notice practicable, thus satisfying the requirements of Rule 23(c)(2).

10. The Court also finds that the proposed settlement satisfies the standard for final approval of a class action settlement under Rule 23(e).

11. Further, the proposed settlement class satisfies Rule 23(a)'s requirements of commonality, numerosity, typicality, and adequacy of representation, as well as Rule 23(b)'s requirements of predominance and superiority. Representative Plaintiff is an adequate representative of the Class and possesses the same interests and suffered the same alleged injuries as the other Class members. The Class encompasses persons with like factual circumstances and like claims. The settlement payments made available to the members of the Class are commensurate with their alleged claims. Thus, the Court finds that the proposed settlement is fair, reasonable, and adequate as to the Class, and qualifies for final approval under Rule 23(e).

12. The Court approves the Agreement and orders that it be implemented according to its terms and conditions.

13. The Court therefore orders that the Total Settlement Amount in the amount of **$350,000.000** be paid by Defendant and distributed in the manner described in the Agreement.

14. The Court approves the Service Award to Representative Plaintiff in the amount of **$5,000.00**, and orders that it be paid in the manner, and upon the terms and conditions, set forth in the Agreement.

15. The Court approves the payment of attorneys' fees of **$116,666.67** (representing one-third (1/3) of the Total Settlement Amount) and **$8,288.23** in litigation expenses, and orders that such payments be made in the manner, and upon the terms and conditions set forth in the Agreement.

16. The Court approves the payment to the Settlement Administrator as provided in the Agreement.

17. Representative Plaintiff and the Class Members shall release their claims against Defendant as provided in the Agreement.

18. The Parties are to bear their respective attorneys' fees and costs except as provided in the Agreement.

19. The Court retains jurisdiction over this Action for the purpose of enforcing the Agreement.

For these reasons, this action is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter final judgment consistent with this Order.

**IT IS SO ORDERED.**

DATED:  July 30, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**